Roy E. KRAMER and Frances D. Kramer, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 16237.

United States Court of Appeals Seventh Circuit.

Jan. 31, 1968.

of Justice, Washington, D. C., for respondent.

Before DUFFY, Senior Circuit Judge, and KILEY and SWYGERT, Circuit Judges.

DUFFY, Senior Circuit Judge.

This is an appeal from two decisions of the Tax Court holding there were deficiencies in income tax due from Kramer for the years 1953, 1954, 1955 and 1956, and the deficiencies were due to fraud.

Roy E. Kramer and Frances D. Kramer were husband and wife and during the years in question, filed joint federal income tax returns on a calendar year basis.[1]

The Commissioner determined taxpayer's income by use of the net worth method of income reconstruction. Taxpayer was required to account for a net worth increase of $41,703.84 plus living expenses of $18,903.55, a total of $60,607.39, during a period when he was reporting adjusted income of $35,355.99.

Taxpayer argues that the Commissioner's computations are erroneous largely due to the taxpayer's claim of having a substantial hoard of cash in his safety deposit box at the bank at the beginning of the period—January 1, 1953.

During the years 1953 through 1956, Kramer was the sole income producing member of his family. During the years in question, he engaged in various income-producing activities including employment as the business agent for the Iron Workers International Union, Local 393, Aurora, Illinois.

As business agent, taxpayer had financial dealings with the local union and its members, including making collections for dues, working assessments, permit fees, union stamp sales, initiation fees, picnic funds and sickness funds. The record shows that at various times taxpayer did not furnish contemporaneous receipts for the sums of money thus collected.

John Marshall Dahlberg, Chicago, Ill., for petitioners.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Richard C. Pugh, Albert J. Beveridge, III, Joseph M. Howard, John M. Brant, Attys., Tax Division, Dept.

1. Frances D. Kramer was joined only by virtue of the joint tax returns. The term "taxpayer" as used in the opinion will refer to Roy E. Kramer.

The record also shows and the Tax Court so found, that sources of non-taxable income received by taxpayer and his wife, such as gifts, loans and inheritances, were minimal. The Tax Court also found that taxpayer's taxable income in each of the years 1953 through 1956, was in accordance with the net worth statement submitted by the Commissioner at the trial, which statement was based on stipulated figures with the exception that taxpayer claimed a cash hoard. Taxpayer's net worth schedule as of December 31, 1952, as disclosed in his accountant's computations, Exhibit 8, reflected a cash hoard of $24,783.43.

■ The net worth reconstruction income formula requires the establishment, with reasonable certainty, of an opening net worth, to serve as a starting point from which to calculate future increases in the taxpayer's assets. Holland v. United States, 348 U.S. 121, 132, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

Taxpayer urges that the Tax Court erred in failing to give probative value to his accountant's net worth computation which asserted the existence of a cash hoard, and in denying taxpayer the opportunity to refresh his recollection as to the amounts of his assets as to which the cash hoard was the only item in dispute.

He also argues that there was insufficient proof of a "likely source" of the unreported income attributed to him by the Commissioner's net worth computation.

At the trial, when taxpayer's accountant was testifying, taxpayer's counsel offered Exhibit 8 in evidence. This exhibit was the accountant's computation. It was prepared in about 1964. The Tax Court declined to admit the computations as "proof of facts." They were admitted for the more limited purpose as a "demonstration of the method" this accountant "used in arriving at the difference in net income for the years involved in this case."

When taxpayer was testifying, his attorney asked him what his net worth was on December 31, 1951, which was a year prior to the opening date of the Commissioner's net worth computation. At this point, taxpayer looked at Exhibit 8. The Tax Court ruled that the taxpayer could not use Exhibit 8 because it was not the best evidence and was hearsay.

■ The Tax Court erroneously assumed taxpayer was attempting to prove the truth of the computations in Exhibit 8. In fact, he was attempting to use Exhibit 8 to refresh his memory, which he should have been permitted to do. However, taxpayer's attorney did not object to the Tax Court's ruling. Instead, he asked the taxpayer what his total assets were at the end of 1952. Taxpayer answered he could not give an "exact answer on that, without referring back and refreshing my memory." At this point, taxpayer's attorney terminated his direct examination. The Tax Court made no ruling on taxpayer's second request to refresh his recollection.

C. McCormick, Evidence, Sec. 9 at 16 and 17 (1954) states: " * * * [M]ost courts today * * * will adhere to the 'classical' view that any memorandum or other object may be used as a stimulus to present memory, without restriction by rule as to authorship, guaranty of correctness, or time of making. On balance, it would seem that this liberality of practice is the wiser solution. * * * " Although approving this rule under the facts of this case, nevertheless, we do not think the Tax Court's refusal was reversible error. Taxpayer's counsel registered no objection to the Court's ruling and made no offer of proof.

The Tax Court noted and gave credence to the testimony of an Internal Revenue Agent that during the period of investigation, taxpayer denied that he had any such cash hoard during the relevant period. In preparing the taxpayer's financial statement, his accountant was unable to verify that there was a cash hoard in the safety deposit box. The accountant had to rely on the taxpayer's self-serving declarations in preparing the

statement which alleged a cash hoard of $24,783.43.

We think, on the record before it, the Tax Court was fully justified in wholly rejecting taxpayer's claim of a substantial cash hoard at the beginning of the period in question.

 A finding of fact by the Tax Court will not be set aside on review unless the reviewing court can say that such finding is clearly erroneous. Luke v. Commissioner of Internal Revenue, 351 F.2d 568, 572 (7 Cir., 1965).

Upon the record before us, we cannot say that the Tax Court's findings as to the alleged cash hoard are clearly erroneous. The existence of such a cash hoard on January 1, 1953, was vital to the taxpayer's case.

The taxpayer also argues that the Commissioner did not prove a "likely source" of his unreported income as required by Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). However, the Commissioner does not have to prove a "likely source" if he negatives "all possible sources of nontaxable income." United States v. Massei, 355 U.S. 595, 78 S.Ct. 495, 2 L. Ed.2d 517 (1958). Where the taxpayer suggests a single non-taxable source, the Commissioner is not required to negate other conceivable non-taxable sources. He need only negate the non-taxable source suggested by the taxpayer to sustain his burden of proof. Gatling v. Commissioner of Internal Revenue, 286 F.2d 139, 144 (4 Cir., 1961); Commissioner of Internal Revenue v. Thomas, 261 F.2d 643, 646 (1 Cir., 1958). Applying these legal principles to the instant case, we hold that the Commissioner sustained his burden of proof by proving that the cash hoard, the only non-taxable source suggested by taxpayer, did not exist.

We also sustain the Tax Court's finding of fraud since the taxpayer systematically under-reported large amounts of his income over a number of years.

Holland v. United States, 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

The judgment of the Tax Court is Affirmed.