YONG SIK CHONG AND JUNG HYE CHONG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chong v. Commissioner
Docket No. 6138-92
United States Tax Court
T.C. Memo 1994-472; 1994 Tax Ct. Memo LEXIS 480; 68 T.C.M. (CCH) 794; September 28, 1994, Filed *480 Decision will be entered under Rule 155. Yong Sik Chong and Jung Hye Chong, pro sese. For respondent: Allan D. Hill. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined deficiencies in and additions to petitioners' income tax as follows: Additions to Tax
Sec.
Sec. Sec. Sec.
Year
Deficiency
6653(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
6661
1986
$ 12,444
--
$ 622.20
[1]
$ 3,111.00
1987
17,991
--
899.55
[1]
4,497.75
1988
25,400
$ 1,270
-- --
6,350.00
The issues for decision are: (1) Whether petitioners had a previously existing cash hoard that would reduce respondent's reconstruction of petitioners' income using the bank deposits method in the years at issue. We hold that they did have such a cash hoard to the extent stated herein. (2) Whether petitioners substantiated any business deductions in excess of those allowed by respondent. We hold that they did not. (3) Whether petitioners are liable for additions to tax for *481 negligence pursuant to section 6653(a)(1)(A) and (B) [1] for 1986 and 1987, and section 6653(a)(1) for 1988. We hold that they are. (4) Whether petitioners are liable for additions to tax for substantial understatement pursuant to section 6661 for the tax years 1986, 1987, and 1988. We hold that they are. FINDINGS OF FACT The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition herein was filed, petitioners resided in Saratoga, California. Petitioners are married and filed joint Federal income tax returns for all years in issue. Petitioners were married in South Korea in 1966. Both were graduated from Seoul University; petitioner husband has a degree in engineering. Petitioners immigrated into the United States in 1976, because they feared a possible *482 Communist takeover of South Korea after the fall of South Vietnam in 1975. When petitioners left South Korea they owned approximately one-third of an acre of rice farmland just outside of Seoul that they had purchased in 1966. Over time, the land surrounding petitioners' land was developed, and petitioners' property increased substantially in value. Petitioners sold that land in 1982, and the proceeds were kept by petitioner husband's sister and her husband, who were in South Korea. Over time, as petitioners and their children had opportunity to visit South Korea, the family exchanged the land proceeds (which were in Korean currency) on the black market for U.S. 100-dollar bills. They then surreptitiously transported the money in various containers when they returned to the United States. Petitioners were concerned that they would be stopped by Korean officials if they were found to be carrying large sums of money out of the country. If they were caught, they feared either having the money taken away from them, or being forbidden to leave South Korea, or both. Once petitioners brought the money into the United States, they did not immediately deposit it into their bank accounts; *483 instead they kept it at home. As they needed to pay bills, they deposited the money into their bank accounts. Petitioners have three children: A son, Charles, and two daughters, Erie and Curie. In 1986, the children's ages were as follows: Charles, 19; Erie, 17; and Curie, 16. The following is a schedule of the amounts petitioners and their children transported into the United States: Year
Charles Erie
Curie Mrs. Chong
Mr. Chong
Total 1986
$ 10,000
-- -- $ 10,000
-- $ 20,000
1987
10,000
-- -- 10,000
-- 20,000
1988
20,000
$ 10,000
$ 10,000
10,000
$ 10,000
60,000
During the tax years in issue, petitioner husband operated a shoe repair shop, El Camino Shoe Repair. In 1986, and part of 1987, petitioner wife was employed and reported all of her Form W-2 wages. In the remainder of 1987, and all of 1988, petitioner wife operated a retail jewelry business, Galaxy Accessories. Petitioners did not maintain formal books and records for El Camino Shoe Repair or Galaxy Accessories. Petitioners were unfamiliar with the need to keep accounting records. For this reason, on audit, respondent reconstructed petitioners' income using the bank deposits *484 method for each of the years in issue. Respondent then subtracted income that was reported on petitioners' respective income tax returns. Respondent also subtracted interbank transfers, proceeds from the refinancing of petitioners' home, income tax refunds, gifts, sale of a personal automobile, and loans. Respondent gave petitioners credit for all documented expenses. After making these calculations, respondent determined that petitioners had understated their taxable income for 1986, 1987, and 1988, by $ 47,877, $ 84,294, and $ 79,212, respectively. On January 3, 1992, respondent issued a statutory notice of deficiency to petitioners. In the notice respondent determined deficiencies in and additions to petitioners' 1986, 1987, and 1988 Federal income tax in regard to unreported income, unsubstantiated expenses, and additions to tax due to negligence and substantial understatement. OPINION Issue 1. Cash Hoard
Respondent claims that petitioners' income has been reconstructed properly under the bank deposits method. Petitioners claim that they had a cash hoard that has distorted the income reconstructed using the bank deposits method. In the absence of adequate records, *485 the Commissioner may use a method of reconstruction that clearly reflects income. Sec. 446(b); Holland v. United States, 348 U.S. 121 (1954). The reconstruction of income need only be reasonable in light of all surrounding facts and circumstances. Giddio v. Commissioner, 54 T.C. 1530 (1970). Where there is an absence of adequate records, this Court has approved of the use of the bank deposits method to reconstruct a taxpayer's income. Parks v. Commissioner, 94 T.C. 654, 658 (1990). The Commissioner must either connect the bank deposits to a likely source of taxable income or negate the nontaxable sources alleged by the taxpayer. Kramer v. Commissioner, 389 F.2d 236, 239 (7th Cir. 1968), affg. T.C. Memo. 1966-234. When the bank deposits method is employed, the Commissioner must take into account any nontaxable source or deductible expense of which she has knowledge. DiLeo v. Commissioner, 96 T.C. 858, 871 (1991), affd. 959 F.2d 16 (2d Cir. 1992). If the taxpayer believes *486 the Commissioner's method of computation is unfair or inaccurate, the burden is on the taxpayer to show such unfairness or inaccuracy. Id.
Respondent reconstructed petitioners' income using the bank deposits method. Respondent subtracted nontaxable items related to borrowed funds and funds transferred between bank accounts. However, petitioners claim respondent did not properly subtract nontaxable cash that was deposited into their U.S. bank accounts from a cash hoard brought from South Korea. Petitioners presented credible, cogent testimony and documentation that proved they owned land in South Korea before their 1976 departure. They also presented credible testimony as to the sale of that land in 1982 and their subsequent transfer of a total of $ 100,000 in cash from South Korea to the United States during the tax years 1986, 1987, and 1988. For the above reasons we hold that $ 20,000, $ 20,000, and $ 60,000 were respectively imported by petitioners from South Korea in 1986, 1987, and 1988 and deposited into their checking accounts in the respective amount for the respective year. Therefore, these amounts should be deducted from petitioners' taxable income for the proper *487 tax year, to arrive at their correct taxable income for each year. Issue 2. Business Deductions
Petitioners presented no proof at trial that they were entitled to any business deductions in excess of those allowed by respondent. Petitioners have the burden of proof on this issue. Rule 142(a). We conclude that there are no further deductible business expenses. Issue 3. Additions to Tax -- Negligence
In her notice of deficiency, respondent determined that petitioners are liable for additions to tax under section 6653(a)(1)(A) and (B) for 1986 and 1987, and section 6653(a)(1) for 1988. For 1986 and 1987, section 6653(a)(1)(A) provides that if any part of an underpayment is due to negligence or disregard of rules or regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Section 6653(a)(1)(B) imposes an addition to tax equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment attributable to negligence. For 1988, section 6653(a)(1) provides that if any part of the underpayment is due to negligence or disregard of rules or regulations, there shall be added to the tax an amount *488 equal to 5 percent of the underpayment. Negligence under section 6653(a) is a "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964)). Petitioners bear the burden of proof regarding the additions to tax under section 6653(a). Rule 142(a); Bixby v. Commissioner, 58 T.C. 757 (1972). In regard to the income issues (exclusive of the income attributable to the cash hoard, for which there is no deficiency) and the deduction issues, petitioners have not presented any objective facts or arguments to show that they were not negligent in failing to report income and taking those deductions in the years in issue. On this record, we sustain respondent's determination that petitioners are liable for the additions to tax under section 6653(a)(1)(A) and (B) for 1986 and 1987, and section 6653(a)(1) for 1988, for income amounts in excess of the *489 determined cash hoard and for all disallowed deductions. Issue 4. Additions to Tax -- Substantial Understatement
Respondent determined that petitioners are liable for additions to tax under section 6661 for substantial understatement of income tax liability for 1986, 1987, and 1988. Section 6661(a) imposes an addition to tax of 25 percent of the amount of any underpayment attributable to a substantial understatement of tax. An understatement is substantial if it exceeds the greater of: (1) 10 percent of the tax required to be shown on the return for a taxable year or (2) $ 5,000. Sec. 6661(b)(1)(A). An understatement, for purposes of this addition to tax, is the amount by which the amount required to be shown on the return exceeds the amount actually shown on the return. Sec. 6661(b)(2); Tweeddale v. Commissioner, 92 T.C. 501, 505 (1989). The amount of the understatement can be reduced if substantial authority exists or existed for the taxpayer's tax treatment of the item in dispute, or if relevant facts regarding petitioner's treatment of the item were adequately disclosed in the return or in a statement attached to the return. Sec. *490 6661(b)(2)(B). Neither of those criteria is present here. Section 6661(c) provides that the Secretary may waive all or part of the addition to tax under section 6661 on a showing by the taxpayer that there was reasonable cause for the understatement (or part thereof) and that the taxpayer acted in good faith. The authority to waive the section 6661 addition rests with the Secretary, not with this Court. Sec. 6661(c); sec. 1.6661-6(a), Income Tax Regs. Respondent's denial of a waiver is reviewable by this Court only for abuse of discretion. Mailman v. Commissioner, 91 T.C. 1079, 1083-1084 (1988). With regard to the additions to tax under section 6661, the taxpayer has the burden of proof. Rule 142(a); Castillo v. Commissioner, 84 T.C. 405, 410 (1985); see also Mailman v. Commissioner, supra.
Since petitioners presented no evidence to show that they sought a waiver of the addition under section 6661 or that respondent abused her discretion, we sustain respondent's determination. If a substantial understatement exists for any year after petitioners' tax liability is recomputed based *491 on the foregoing under Rule 155, we hold that petitioners are liable for the section 6661 addition to tax for that year. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. 50 percent of the interest payable with respect to the portion of such underpayment that is attributable to negligence -- $ 12,444 and $ 17,991 for 1986 and 1987, respectively.↩
1. All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩