T.C. Memo. 2001-307

UNITED STATES TAX COURT

KATRINA L. PRICE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5231-00.                    Filed November 30, 2001.

Katrina L. Price, pro se.

<u>Jeffrey Johnson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal income tax of $6,220 for 1993 and $3,532 for 1994, additions to tax of $1,555 for failure to file for 1993 and $261 for failure to pay estimated tax for 1993, and an accuracy-related penalty of $706 for 1994.

The issues for decision are:

1.  Whether petitioner is liable for income tax on her salary of $13,000 per year in 1993 and 1994 and additional income of $25,500 in 1993 and $5,486 in 1994.  We hold that she is.

2.  Whether petitioner is liable for additions to tax for failure to file and failure to pay estimated tax for 1993.  We hold that she is.

3.  Whether petitioner is liable for the accuracy-related penalty for negligence for 1994.  We hold that she is.

Section reference are to the Internal Revenue Code in effect in the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.  <u>Petitioner</u>

Petitioner resided in New York, New York, when she filed the petition in this case.  She had a savings and checking account at Citibank and Chemical Bank.  She had no other bank accounts during the years in issue.

Petitioner had $100 or less of cash at the beginning of 1993.  She did not receive any gifts, inheritances, or loans in 1993 or 1994, or own any certificates of deposit, stocks, or bonds in those years.

Petitioner worked for a one hour photo developing store (photo store) in 1993 and 1994. In 1993 and 1994, she received a salary of $250 per week or $13,000 per year in cash from the photo store. Her employer did not withhold any tax from her salary. Petitioner deposited some of her salary in her bank accounts. She did not report her photo store salary in income for 1993 or 1994.

Petitioner gambled in Atlantic City, New Jersey, almost every weekend in 1993 and every other weekend in 1994. She deposited some of her winnings in her bank accounts. She won a $20,046 jackpot at a casino in Atlantic City in 1994.

B.    Petitioner's Bank Transactions

Petitioner deposited $38,865 in her bank accounts in 1993 and $43,764.47 in 1994. Those amounts include transfers from her Chemical Bank savings account to her Chemical Bank checking account of $1,000 in 1993 and $820 in 1994.

The following chart summarizes petitioner's bank deposits and withdrawals of $1,000 or more (hereinafter referred to as large deposits or large withdrawals) from her Citibank checking, Citibank savings, and Chemical Bank checking accounts in 1993 and 1994:

| Date posted by bank | Account | Large deposits | Large withdrawals | |
| --- | --- | --- | --- | --- |
| Feb. 1, 1993 | C ck[1] | $2,000.00 | | |
| Feb. 3, 1993 | C ck | 1,000.00 | | |
| Feb. 4, 1993 | C ck | | $500.00 | Transfer to MasterCard |
| Feb. 4, 1993 | C ck | | 500.00 | Transfer to Bankcard |
| Feb. 11, 1993 | C ck | | 1,608.18 | Check to AGFA Compugraf |
| Mar. 9, 1993 | C sv[2] | 6,000.00 | | |
| Mar. 9, 1993 | C sv | | 6,000.00 | Petitioner withdrew cash |
| Mar. 19, 1993 | C sv | 4,000.00 | | |
| Mar. 19, 1993 | C sv | | 4,000.00 | Petitioner withdrew cash |
| Mar. 23, 1993 | C ck | 2,000.00 | | |
| Mar. 24, 1993 | C ck | | 2,000.00 | Check to American Exp. |
| Apr. 16, 1993 | C sv | 4,000.00 | | |
| Apr. 16, 1993 | C sv | | 4,000.00 | Petitioner withdrew cash |
| Jun. 8, 1993 | C ck | 1,300.00 | | |
| Jun. 9, 1993 | C ck | | 1,326.00 | Check to unknown payee |
| Jun. 21, 1993 | C ck | 1,200.00 | | |
| Jun. 23, 1993 | C ck | | 1,301.08 | Check to Five Deepe Place Co. |
| Jul. 14, 1993 | C ck | | 2,000.00 | Check to American Exp. |
| Jul. 15, 1993 | C ck | 2,000.00 | | |
| Dec. 23, 1993 | Ch ck[3] | 4,000.00 | | |
| Dec. 28, 1993 | Ch ck | | 1,323.00 | Check to American Exp. |
| Dec. 28, 1993 | Ch ck | | 665.00 | Check to Diner's Club |

[1] Petitioner's Citibank checking account.
[2] Petitioner's Citibank savings account.
[3] Petitioner's Chemical Bank checking account.

| Date posted by bank | Account | Large deposits | Large withdrawals | |
|---|---|---|---|---|
| Jan. 10, 1994 | Ch ck[1] | $1,250.00 | | |
| Jan. 12, 1994 | Ch ck | | $1,247.00 | Check to American Exp. |
| Jan. 13, 1994 | C ck[2] | 1,390.00 | | |
| Jan. 21, 1994 | C ck | | 1,390.00 | Check to Beckville Mgt. for rent |
| Apr. 14, 1994 | C ck | 4,000.00 | | |
| Apr. 15, 1994 | C ck | | 4,000.00 | Check to petitioner |
| Sept. 2, 1994 | C ck | [3]19,000.00 | | |
| Sept. 2, 1994 | C ck | | 19,000.00 | Cashier's ck. |
| Sept. 22, 1994 | C ck | | 1,746.00 | Check to Dept. of Motor Vehicles |
| Sept. 29, 1994 | C ck | 1,746.00 | | |
| Nov. 1, 1994 | C ck | 1,200.00 | | |
| Nov. 4, 1994 | C ck | | 1,781.00 | Check to petitioner |
| Dec. 27, 1994 | C ck | 1,681.47 | | |
| Dec. 20, 1994 | C ck | | 671.50 | Check to W.H. Roth for car ins. |
| Jan. 3, 1995 | C ck | | 1,000.00 | Check to Discover Card |

[1] Petitioner's Chemical Bank checking account.
[2] Petitioner's Citibank checking account.
[3] Petitioner's gambling winnings.

## C. Petitioner's Income Tax Returns

Petitioner did not file an income tax return for 1993. She timely filed a 1994 income tax return. She reported that she had won $20,046 from gambling, but she reported no other income. She deducted $7,435 for gambling losses.

D.    Respondent's Reconstruction of Petitioner's Income

The examination began on April 23, 1997.  Alex Malichiwski (Malichiwski), respondent's revenue agent, examined petitioner's 1993 and 1994 returns.  He issued summonses to petitioner's banks for petitioner's records.  Citibank and Chemical Bank gave Malichiwski copies of petitioner's bank statements and checks for 1993, 1994, and 1995.[1]  Malichiwski reconstructed petitioner's income for 1993 and 1994 because petitioner did not have records. He used a modified bank deposits method in which he assumed that deposits of less than $1,000 (hereinafter referred to as small deposits), totaling $12,363 in 1993 and $12,677 in 1994, were petitioner's wages from the photo shop.  He did not include the deposit from the reported gambling winnings in 1994 as income in the modified bank deposits method because petitioner had reported the $20,046 on her 1994 return.

Malichiwski concluded that 10 of petitioner's bank deposits of $1,000 or more in 1993 (totaling $25,500) were unreported income because petitioner did not establish to his satisfaction during the examination that those funds were not taxable income to her.  He concluded that, of petitioner's six bank deposits of $1,000 or more in 1994 (totaling 11,267.47), deposits of $4,000

---

[1]  The banks did not have copies of all of petitioner's checks.

and $1,781 were not taxable income because petitioner had written checks to herself in those amounts, and he wanted to eliminate any possibility of double counting any deposits.  Thus, he concluded that $5,486.47 was unreported income for 1994.

## OPINION

A.   Whether Petitioner Is Liable for Income Tax on Her Salary of $13,000 Per Year in 1993 and 1994

Petitioner contends that she is not liable for income tax on the $13,000 salary that she received in 1993.  We disagree.

Petitioner bears the burden of proof.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[2]  Petitioner stipulated and testified that she received a salary of $13,000 per year in 1993 and 1994.  In her posttrial brief, she asks us to disregard the stipulation and her testimony.  A stipulation of fact is generally binding on the parties.  Rule 91(e).  We may modify or set aside a stipulation if it is contrary to the record.  Cal-Maine Foods, Inc. v. Commissioner, 93 T.C. 181, 195 (1989).  We do not set aside the stipulation here because there is no evidence contrary to petitioner's stipulation and testimony that she received a salary of $13,000 per year in 1993 and 1994.

---

[2]  Respondent does not bear the burden of proof under sec. 7491 because the examination in this case began on Apr. 23, 1997. Sec. 7491 applies to examinations commenced after July 22, 1998. Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(c), 112 Stat. 727.

On brief, petitioner contends that she is liable for income tax on $4,333 (one-third of $13,000) from the photo shop in 1994 because she worked for and had earnings from the photo shop for only 4 months in 1994. We disagree. Petitioner testified that she had problems with pregnancies in 1991 and 1992, and that she worked only the first 6 months of 1994 because she was pregnant with twins. Petitioner later testified that she worked throughout 1994 but only 6 months in 1995. Petitioner made small deposits throughout 1994 as she had throughout 1993. These small deposits totaled $12,363 in 1993 and $12,677 in 1994. This suggests that she worked throughout 1993 and 1994. We conclude that petitioner earned $13,000 working for the photo shop in 1993 and in 1994, and that she is liable for income tax on those amounts.

B. <u>Whether Petitioner Failed To Report Income of $25,500 for 1993 and $5,486 for 1994</u>

We must decide whether, as respondent contends, petitioner failed to report income (in addition to her $13,000 salary from the photo shop) of $25,500[3] for 1993 and $5,486 for 1994. Respondent reconstructed petitioner's income using a modified bank deposits method in which respondent counted deposits of

---

[3] Petitioner contends that she did not receive a lump-sum payment of $25,500. Respondent does not contend that petitioner received $25,500 in a lump sum. Rather, respondent contends that petitioner received and deposited that amount in her bank accounts throughout 1993, used it for personal expenses, and did not report it on her income tax return.

$1,000 or more as income.  Petitioner did not have adequate books and records.  If a taxpayer does not maintain adequate books and records, the Commissioner may reconstruct a taxpayer's income by any reasonable method which clearly reflects income, sec. 446(b); Holland v. United States, 348 U.S. 121, 130-132 (1954), including the bank deposits method, Parks v. Commissioner, 94 T.C. 654, 658 (1990); Estate of Mason v. Commissioner, 64 T.C. 651, 656 (1975), affd. 566 F.2d 2 (6th Cir. 1977).  Bank deposits are prima facie evidence of income.  Clayton v. Commissioner, 102 T.C. 632, 645 (1994); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Estate of Mason v. Commissioner, supra.  If the taxpayer suggests a nontaxable source, the Commissioner must either connect the bank deposits to a likely source of taxable income or negate the nontaxable source alleged by the taxpayer.  Kramer v. Commissioner, 389 F.2d 236, 239 (7th Cir. 1968), affg. T.C. Memo. 1966-234.  Respondent has connected the bank deposits to a likely source of taxable income because petitioner admits that she deposited gambling winnings in her bank accounts.  We conclude that respondent properly reconstructed petitioner's additional income for 1993 and 1994 using the modified bank deposits method. Thus, petitioner bears the burden of proving that the deposits were not taxable income to her but were instead derived from a nontaxable source.  Welch v. Commissioner, 204 F.3d 1228, 1230 (9th Cir. 2000), affg. T.C. Memo. 1998-121; Calhoun v. United

<u>States</u>, 591 F.2d 1243, 1245 (9th Cir. 1978); <u>Clayton v. Commissioner</u>, <u>supra</u>; <u>DiLeo v. Commissioner</u>, 96 T.C. 858, 869 (1991), affd. on other grounds 959 F.2d 16 (2d Cir. 1992); <u>Parks v. Commissioner</u>, <u>supra</u>.

Petitioner contends that some of the funds that she deposited in her bank accounts were not taxable to her because those funds belonged to the photo shop and not to her. She contends that, as a favor to the photo shop, she deposited photo shop funds in her bank accounts at the close of the day and withdrew them the next business day to return those funds to the photo shop. We disagree.

Petitioner's testimony is the only evidence supporting her contention. We decide whether a witness is credible based on objective facts, the reasonableness of the testimony, and the demeanor and consistency of statements made by the witness. <u>Quock Ting v. United States</u>, 140 U.S. 417, 420-421 (1891); <u>Wood v. Commissioner</u>, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964); <u>Pinder v. United States</u>, 330 F.2d 119, 124-125 (5th Cir. 1964); <u>Concord Consumers Hous. Coop. v. Commissioner</u>, 89 T.C. 105, 124 n.21 (1987). We may discount testimony which we find to be unworthy of belief, but we may not arbitrarily disregard testimony that is competent, relevant, and uncontradicted, <u>Conti v. Commissioner</u>, 39 F.3d 658, 664 (6th Cir. 1994), affg. and remanding on another ground 99 T.C. 370 (1992)

and T.C. Memo. 1992-616; <u>Banks v. Commissioner</u>, 322 F.2d 530, 537 (8th Cir. 1963), affg. in part and remanding in part on another ground T.C. Memo. 1961-237.

Petitioner's testimony was implausible. She was not consistent in explaining how she allegedly deposited and repaid photo shop funds. She testified about only one instance in which she repaid the photo shop. Describing that instance, she testified that she repaid the photo shop with a $2,000 check that was paid on March 24, 1993. However, that check was paid to American Express rather than to the photo shop. The record contains no checks written by petitioner to the photo store.[4]

Petitioner contends for the first time in her answering brief that the payments and transfers to credit card and bank card companies that correspond to her large deposits were for the photo store because the charges on those cards were for photo store expenses. She contends that the photo store gave her the money that she deposited in her accounts to pay those bank and credit card bills. Petitioner's statement in her answering brief is not evidence; we can base our findings only on properly admitted evidence. Sec. 7453; Rule 143; <u>Kronish v. Commissioner</u>, 90 T.C. 684, 695-696 (1988); <u>United States v. State of</u>

---

[4] Even if there were checks written to petitioner that she cashed for the photo store, the result would not change because respondent did not include in the bank deposits analysis any deposits for which there were corresponding checks to petitioner.

Washington, 459 F. Supp. 1020, 1095 (W.D. Wash. 1978).  There is no evidence to support petitioner's contention.  Petitioner did not testify that the photo shop charged expenses on her credit cards, and her claim after trial that the photo shop charged its expenses on her credit cards is reason to disbelieve her trial testimony.

Another reason for disbelieving petitioner's trial testimony is the fact that she said in her answering brief that we should disregard her trial testimony relating to her photo store salary. It is not clear what parts of petitioner's testimony we should believe under these circumstances.

Petitioner contends that some of the money that she deposited was her own money that she had withdrawn for gambling and redeposited afterwards.  Petitioner's testimony in this regard was very general.  She provided us no basis to decide which of the bank deposits were redeposits of money she had withdrawn.

We conclude that, in addition to the $13,000 salary that petitioner earned each year from the photo store, petitioner had unreported income of $25,500 for 1993 and $5,486 for 1994.

C.   Whether Petitioner Is Liable for the Addition to Tax for Failure To File Her 1993 Income Tax Return

Respondent determined that petitioner is liable for the addition to tax under section 6651(a) for failure to file a

return for 1993. Petitioner contends that she timely filed her 1993 return. We disagree.

Petitioner stipulated and testified that she did not file a 1993 return. She contends that we should ignore her stipulation and trial testimony. We disagree. There is no evidence contrary to her stipulation and testimony that she did not file a 1993 return.[5]

Petitioner attached to her answering brief a copy of a form letter from respondent which shows her account information for 1993. She contends that the form letter establishes that she filed a return in 1993. We disagree. The form letter was not admitted into evidence, and, even if it had been, it would not establish that she filed a 1993 return. The form letter shows that she did not report any income, deductions, or tax for 1993. It does not state that petitioner filed a return for 1993.

Petitioner contends that respondent's agent who sent her the form letter told her that someone had erased all the numbers for 1993 to make it appear that she had not filed a 1993 return. There is no evidence to support this contention. Petitioner has

---

[5] At trial, petitioner did not present any substantiation or financial records. In her answering brief, petitioner contends that she does not have records for 1993 because her basement, where she stored her files, flooded in 1993. There is no testimony or other evidence to support this statement. We do not consider assertions of fact made in a party's brief that are not in evidence. Rule 143(b); Kronish v. Commissioner, 90 T.C. 684, 695-696 (1988).

not convinced us that we should disregard her stipulation or trial testimony that she did not file a 1993 return.  We conclude that petitioner did not file a return for 1993.

A taxpayer is not liable for the addition to tax if his or her failure to file a return was due to reasonable cause and not willful neglect.  Sec. 6651(a)(1); Rule 142(a); United States v. Boyle, 469 U.S. 241, 245 (1985).  Petitioner contends that, if she did not file her 1993 income tax return, it was because she had health difficulties in 1991 and 1992 or because she had a difficult pregnancy in 1994.  We disagree.  Petitioner's ability to work full time in 1993 and 1994 shows that she should have been able to file her return for 1993.

We conclude that petitioner is liable for the addition to tax under section 6651(a) for failure to file her 1993 return.

D.  <u>Whether Petitioner Is Liable for the Addition to Tax for Failure To Pay Estimated Tax in 1993</u>

Respondent determined that petitioner is liable for the addition to tax under section 6654 for failure to pay estimated tax for 1993.  Petitioner did not file a return for 1993.  We have jurisdiction to review the Commissioner's determination of this addition to tax if the taxpayer did not file a return for the taxable year.  Sec. 6665(b)(2); Meyer v. Commissioner, 97 T.C. 555, 562 (1991).

A taxpayer is liable for the addition to tax under section 6654 for failure to pay estimated tax unless the taxpayer shows

that he or she meets one of the exceptions provided in section 6654(e), none of which apply here.  Petitioner offered no evidence to show why she did not pay estimated tax.  We conclude that petitioner is liable for the addition to tax for failure to pay estimated tax under section 6654 for 1993.

E.   Whether Petitioner Is Liable for the Accuracy-Related Penalty for 1994

Respondent contends that petitioner is liable for the accuracy-related penalty for negligence under section 6662(a) for 1994.  Taxpayers are liable for a penalty equal to 20 percent of the part of the underpayment attributable to negligence or disregard of rules or regulations.  Sec. 6662(a) and (b)(1).  Negligence includes failure to make a reasonable attempt to comply with internal revenue laws or to exercise ordinary and reasonable care in preparing a tax return.  Sec. 6662(c).  Petitioner bears the burden of proving that she is not liable for the accuracy-related penalty.  Rule 142(a); Tweeddale v. Commissioner, 92 T.C. 501, 505 (1989).

Petitioner made no argument and offered no evidence that she is not liable for the accuracy-related penalty.  We conclude that petitioner is liable for the accuracy-related penalty for 1994.

To reflect the foregoing,

Decision will be

entered for respondent.